UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP J. HOLMES,

    Plaintiff,

-vs-

FCA US LLC A/K/A FIAT CHRYSLER
AUTOMOBILES AND FCA, FCA US LLC,
Long Term Disability Benefit Plan,

    Defendants.

Case No: 20-cv-13335
Hon. Judith E. Levy
Magistrate Judge Anthony P. Patti

_____

| PROVIZER & PHILLIPS, P.C. | FISHER & PHILLIPS, LLP |
|---|---|
| RANDALL E. PHILLIPS (P26053) | WILLIAM E. ALTMAN (P52788) |
| Attorney for Plaintiff | Attorney for Defendant |
| 30200 Telegraph Road, Suite 200 | 31780 Telegraph Road, Suite 200 |
| Bingham Farms, MI 48025 | Bingham Farms, Michigan 48025 |
| (248) 642-0444 Fax (248) 642-6661 | (248) 433-8710 |
| rphillips@p-ppc.com | waltman@fisherphillips.com |

_____

**PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE**
**JUDGE'S REPORT AND RECOMMENDATION**

    Plaintiff, Philip J. Holmes, by his attorneys, PROVIZER & PHILLIPS, P.C., hereby objects to the Report and Recommendation (DOC. #19) ("R&R") issued by United States Magistrate Judge Anthony P. Patti. The Magistrate Judge granted Defendants Motion for Partial Dismissal, dismissing Counts II and III for Equitable Relief and Breach of Fiduciary Duty, and Dismissing in part Count I related to Plaintiff's DAP State breach of contract claim leaving only Plaintiff's ERISA benefits claim in Count I.

    However, as explained below, on *de novo* review "of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. 636(b)(1)(C), the

Court should decline to accept the Magistrate Judge's findings and recommendations and deny Defendant's Motion, at least as to Count I and the DAP plan.

> 1. **Objection No. 1: Plaintiff objects to the Magistrate Judge's finding that FCA's DAP Plan is non-binding and unenforceable and therefore not subject to a breach of contract claim.**

It is apparent from reading the Report and Recommendation that the Magistrate Judge was struggling with the interpretation of the DAP as a totally unenforceable gratuitous benefit by FCA, noting a "few questionable drafting decisions that could, arguably suggest the DAP is enforceable" and "unfortunately the DAP at issue here is a bit more muddled than the handbook in Heurtebise: There are several provisions in the DAP that cause a bit of confusion", and "However, Section 7.03 seems less like a gratuity and more like a commitment to ensure that FCA employees receive their salary continuation where appropriate" and, ". . . the DAP here contains the Binding Effect language from Section 10.06 that is largely responsible for complicating the case". (ECF #19, pg. ID 213, 214, 215, 220).

In coming down on Defendant's side finding the DAP unenforceable, the Magistrate Judge failed to follow applicable rules of construction for contracts in Michigan.[1]

The primary goal in interpreting contracts is to ascertain and enforce the parties' intent. Further, the Court must examine the contract as a whole, giving effect to all parts and language of a written agreement according to their ordinary and natural meaning. *Wonderland Shopping Center Venture Ltd. Partnership v. CDC Mort. Capitol, Inc.*, 274 F.3d 1085, 1092 (6th Cir. 2001). A contract is ambiguous when its provisions are capable of conflicting interpretations and if two

---

[1] The DAP provides that "it shall be construed, administered and <u>enforced according to the laws of the State of Michigan</u>, (ECF #19, PG. ID 212) which itself is a statement of intent that it is an enforceable contract.

provisions of the same contract irreconcilably conflict with each other, the language of the contract is ambiguous. *Klapp v. United Ins. Group Agency, Inc.*, 468 Mich. 459, 453 (2003).

If the contract is ambiguous, the meaning is a question of fact as to its meaning and extrinsic evidence can be used to determine its meaning. Id. pg. 453-454; *NILAC International Marketing Group v. Ameritech Services, Inc.*, 362 F.3d 354, 358 (6th Cir. 2004). If after considering extrinsic evidence the intent cannot be determined, then ambiguities are to be construed against the drafter of the contract, Id. Pg. 358. Here FCA is the drafter.

The Magistrate Judge as argued by Plaintiff identified several provisions of the DAP that would establish an intent that it be an enforceable contract, not the least of which was the stated purpose of the plan, "to provide eligible employees with disability absence benefits for absence from work due to personal injury or illness. The plan is <u>intended to be</u> a payroll practice as defined in Department of Labor Regulation Section . . . and as such is not intended to be subject to the Employee Retirement Income Security Act of 1974, as amended". (ECF #12-2, PG. ID 99).

As referenced above, the choice of law provision Section 10.05 anticipates that the agreement may be subject to legal enforcement. Article III says benefits <u>shall be</u> funded by FCA's general funds. (ECF #12-2, PG ID 101); Participants found eligible under the DAP criteria <u>shall receive</u> DAP payments per Section 5.01(a). (ECF #12-2, PG ID 103). These two sections indicate that benefits are mandatory for eligible participants and not gratuities.

The plan also provides for an appeal procedure in Sections 7.03, which is a strong indication of an intent that the DAP be binding and enforceable. (ECF # 12-2, PG ID 110).

Section 10.11, a severability clause providing that the balance of the agreement is enforceable if any one provision is found not to be, also indicates an intent to have an enforceable agreement,

(ECF #19, PG ID 214).  Perhaps most significantly, the plan itself has a "binding effect" provision, Section 10.06.  (ECF #12-2, PG ID 113):

> "10.06 <u>Binding Effect</u>    This plan shall be binding upon the successors and assigns of the company except to the extent otherwise provided in writing by the Company."

These provisions strongly indicate an intent that DAP is a binding, enforceable contract.

The Magistrate Judge properly rejected FCA's argument that Section 10.06 doesn't apply because it refers only to successors and assigns by noting the argument doesn't add up as assigns stood in the shoes of the assignor and can only take on rights and duties of the assignor (ECF #19, PG ID 215), and he also rejected FCA's argument that DAP was like providing donuts and coffee gratuitously in the office.  (ECF #19, PG ID 214).

The Magistrate Judge relied mostly on Sections 8.01 and 8.02, giving FCA the right at any time to amend the plan in whole or in part and to unilaterally terminate the DAP itself.  In particular, the Magistrate Judge relied on the phrase in Section 8.02 that allows an amendment to be with or without retroactive effect.  (ECF #19, PG ID 216; ECF #12-2, PG ID 111-112).

There is no express language in DAP that says it is not binding or that FCA does not intend to enforce it.

The "retroactive effect" wording was unduly relied on by the Magistrate Judge to essentially read put many other provisions that establish an intent for the DAP to be a binding enforceable agreement. The "retroactive effect language"  should not have been interpreted, based on a reading of the contract as a whole, to turn the DAP into a gratuitous optional program, by allowing  denial of already vested benefits for persons disabled and who have already filed a claim.   It should have been interpreted, consistent with Michigan Rules of Construction, giving effect to all provisions of

the contract to only to allow only  a retroactive amendment that does not disturb vested benefits, especially where as here, FCA has not amended or terminated DAP.

FCA argued that the "except to the extent otherwise provided in writing by the Company" in Section 10.06 was satisfied by the retroactive language in Section 8.02, but that makes no sense as the "except for" phrase obviously applies to another separate writing from the DAP. Otherwise the binding language is surplusage and that violates Michigan's rules of contract construction.

To the extent the  retroactive language in Section 8.02 can not be read consistently with the rest of the contract, it is irreconcilable with the other provisions, including Section 10.06 on Binding Effect, and creates an ambiguity which requires fact finding and is not appropriate for a Motion to Dismiss.  Or, if there is no extrinsic evidence that resolves the issue, the ambiguity should be interpreted in favor of Plaintiff.  Alternatively, per the severability clause, the "retroactive effect" should be found unenforceable and separated from the rest of the contract.

The Magistrate Judge was also in error in following the often criticized and distinguished case of *Heurtehise v. Reliable Bus. Computers*, 452 Mich. 405 (1996), when in *Heurtehise* the employee handbook expressly stated that the employer did not intend to be bound by it, exactly the opposite of this case.  Rather, the Magistrate Judge should have followed *Rushton v. Meijer, Inc.*, 225 Mich. App. 156, 161-164 (1997) which distinguished *Heurtebise* exactly on that basis.

The Magistrate Judge also properly distinguished *Tabor v. Elec Data Systems*, 2008 WL 1030418 , because the contract in *Tabor* did not have "binding effect" language as the DAP does, but nevertheless chose to follow it because of the retroactive language in 8.02. (ECF #19, PG ID 219-221). On the whole, based on all the provisions of the DAP, it is a binding and enforceable contract.

      The DAP should be found to be an enforceable contract and Defendant's Motion to Dismiss Plaintiff's State Breach of Contract provision in Count I should be denied.

                                        PROVIZER & PHILLIPS, P.C.

                          BY:    */s/Randall E. Phillips*
                                      RANDALL E. PHILLIPS (P26053)
                                      Attorney for Plaintiff
                                      30200 Telegraph Road, Suite 200
                                      Bingham Farms, MI 48025
                                      (248) 642-0444 Fax (248) 642-6661
                                      rphillips@p-ppc.com

DATED: March 21, 2022

## CERTIFICATE OF SERVICE

  I hereby certify that on the 21st day of March 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                 *s/Randall E. Phillips*
                 Randall E. Phillips