UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP J. HOLMES,

    Plaintiff,

v.

FCA US LLC a/k/a Fiat Chrysler Automobiles, ET AL.,

    Defendants.
_____/

Case No. 20-cv-13335

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 20), ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION (ECF No. 19), GRANTING DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF No. 12), AND SETTING NEW DATES**

**I.   INTRODUCTION**

On December 21, 2020, Plaintiff Philip J. Holmes initiated this action to challenge the termination and denial of benefits under Defendants FCA US LLC a/k/a Fiat Chrysler Automobiles ("FCA") and FCA US LLC, Long Term Disability Benefit's (collectively "Defendants") employee benefit plans. ECF No. 1. Defendants filed a Partial Motion to Dismiss. ECF No. 4. Plaintiff promptly

1

amended his complaint, *see* ECF No. 8, and responded to Defendant's Partial Motion to Dismiss, *see* ECF No. 9.

Defendants withdrew their original Motion to Dismiss, *see* ECF No. 10, and filed a Partial Motion to Dismiss Plaintiff's First Amended Complaint, *see* ECF No. 12. Specifically, Defendants seek dismissal of Plaintiff's claims for equitable, declaratory, and injunctive relief (Count II) and breach of fiduciary duty (Count III), as well as the claim for breach of Defendants' Disability Absence Plan contained in Count I. *See* ECF No. 12, PageID.79. The Court referred this Motion to Magistrate Judge Anthony P. Patti, *see* ECF No. 13, who issued a Report and Recommendation recommending that the Court grant Defendants' Motion to Partially Dismiss Plaintiff's First Amended Complaint, ECF No. 19.

Presently before the Court is Plaintiff's Objections to the Report and Recommendation. ECF No. 20. Defendant filed a Response in Opposition, ECF No. 22, and Plaintiff filed a Reply, ECF No. 23. Upon review of the parties' submissions, the Court finds that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve it on the briefs. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court holds that Magistrate Judge Patti reached the correct conclusion. The Court will thus **OVERRULE** Plaintiff's objections (ECF No. 20), **ACCEPT** and **ADOPT** the Report and Recommendation

2

(ECF No. 19), and **GRANT** Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 12).

## II. FACTUAL & PROCEDURAL BACKGROUND

### A. Factual Background[1]

FCA sponsors various employee benefit plans, including the FCA US LLC Disability Absence Plan ("DAP") and the FCA US LLC Long-Term Disability Benefit Plan ("LTD Plan"). *See* ECF No. 8, PageID.43-44. The DAP is a "payroll practice plan" that provides short-term compensation to eligible participants who are "totally disabled" for up to 52 weeks. *Id.* at PageID.44. The LTD plan is an "employee welfare benefit plan regulated by" the Employee Retirement Income Security Act ("ERISA") that provides long-term compensation to eligible participants who are "totally disabled." *Id.* at PageID.44, PageID.46. LTD plan participants must exhaust DAP payments as a condition of eligibility. *Id*. at PageID.47; ECF No. 12-3, PageID.124). "In other words, participants must meet the eligibility requirements for DAP for 52 weeks in order to be eligible for LTD

---

[1] "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008).

3

Plan benefits." ECF No. 12, PageID.81. (citing ECF No. 8, PageID.47; ECF No. 12-3, PageID.124).

FCA employed Plaintiff as a manufacturing engineer. ECF No.8, PageID.45. During his employment, Plaintiff enrolled in the DAP and was entitled to benefits under the terms and conditions of the Plan. *Id*. Subsequently, Plaintiff became disabled as defined under the terms of the Plan. *Id*. He received DAP payments from September 30, 2019 to January 31, 2020, when FAC determined Plaintiff was able to return to work. ECF No. 12, PageID.81 (citing ECF No. 8, PageID.45). Nevertheless, Plaintiff maintains that he has been unable to perform the material and substantial duties of his regular occupation since his disability began on or about September 30, 2019. ECF No. 8, PageID.45. On February 28, 2020, Plaintiff appealed the termination of his DAP benefits. *Id.* at PageID.46). His appeal was denied on April 15, 2020. *Id*.

Plaintiff also made a claim for LTD Plan benefits, which was denied on April 15, 2020. ECF No. 8, PageID.47. Plaintiff appealed the denial, and his appeal was denied in writing on August 25, 2020. *Id*. Relying on Section 4.01(c) of the Plan, which governs eligibility, FAC denied the claim because Plaintiff failed to exhaust the full 52 weeks of DAP benefits. *Id*.

4

### B. Procedural Background

Plaintiff brings five counts in his attempt to recover disability benefits from the DAP and LTD Plan: (1) denial of plan and policy benefits and breach of contract; (2) equitable relief, declaratory and injunctive relief; (3) breach of fiduciary duty; (4) attorney fees and costs; and (5) prejudgment and post judgment interest.  ECF No. 8, PageID.48.

On March 19, 2021, Defendants filed a Partial Motion to Dismiss.  ECF No, 12.  They first argued that "a portion of Count I (violation of DAP) must be dismissed because DAP is not an enforceable contract."  *Id.* at PageID.79.  Defendants also maintained that Plaintiff could not bring a claim for equitable relief "under Section 502(a)(3)[2] because he has an adequate remedy under Section 502(a)(1)(B) and because he fails to allege a factual basis for an estoppel claim."  *Id.* at PageID.87.  Defendants asserted that Plaintiff could not bring a claim for breach of fiduciary duty under Section 502(a)(3) for the same reasons and that he could not bring the claim under Section 502(a)(2) because it does not authorize recovery for individual defendants.  *Id.* at PageID.91-92.  Thus, Defendants argued "only a portion of Count I (breach of LTD Plan) and Counts IV (attorney fees and

---

[2] All references to Section 502(a), are to ERISA Section 502(a), which is codified at 29 U.S.C. § 1132(a).  These citations are generally used interchangeably, but the Court will exclusively use "Section 502(a)" for consistency.

5

costs) and V (pre-judgment and post judgment interest) should remain." *Id.* at PageID.79.

In his response, Plaintiff first asserted that the FCA's ability to terminate or amend the DAP in the future does not mean that the Plan is not an enforceable contract.  ECF No. 14, PageID.136-37.  He also noted that the DAP does not include language explicitly stating that FCA does not intend to be bound while Section 10.06 of the Plan states that the Plan shall have binding effect except as otherwise provided in writing by the Company.  *Id.* at PageID.137.  Next, Plaintiff contended that, if the Court determined that FCA misinterpreted or misapplied the eligibility requirements of the LTD Plan, Plaintiff would be entitled to recover benefits for breach of fiduciary duty under Section 502(a)(1)(B), but if the Court determined FCA properly applied the eligibility requirements, Plaintiff would still be entitled to relief because the provision improperly delegates fiduciary duties to a non-fiduciary and negates ERISA's requirements for a full and fair review.  *Id.* at PageID.140-41.  Plaintiff also maintained that this interpretation affects plan beneficiaries globally, making Plaintiff's claims valid causes of action.[3]  *Id.* at PageID.131-132.

---

[3] Plaintiff referred to "Section 502(1)(a)(3)."  ECF No. 14, PageID.132.  This provision does not exist, so the Court assumes he meant Sections 502(a)(2) and (a)(3).

6

As mentioned *supra*, the Report and Recommendations suggests that the Court grant Defendants' motion for partial dismissal. *See* ECF No. 19. First, the Magistrate Judge found that Plaintiff had failed to state a claim for breach of the DAP, which he alleged in Count I. Specifically, The Magistrate Judge found that:

> Although Plaintiff has pointed to a number of provisions, along with a few questionable drafting decisions, that could arguably suggest the DAP is enforceable, FCA is ultimately more persuasive in pointing to its overwhelming right to modify the DAP's terms to show that FCA did not intend to be bound by the DAP[.]

*Id.* at PageID.213. Magistrate Judge Patti noted that "Section 8 reserves FCA's right to amend or terminate any of the would-be 'promises' contained in the other sections discussed here—even to terminate 'at any time and for any reason' (§ 8.01) and to amend retroactively (§ 8.02)." *Id.* at PageID.216-17 (quoting ECF No. 12-2, PageID.111-112). He determined that "the strength of this language undermines the effect of all other provisions and gives FCA absolute control over its performance" and should thus "be construed to prevent the formation of a binding contract." *Id*.

Second, Magistrate Judge Patti determined that Count II, Plaintiff's request for equitable, declaratory, and injunctive relief under Section 502(a)(3) is a repackaging of Plaintiff's wrongful denial of benefits claim under Section 502(a)(1)(B) and should be dismissed. *Id*. at Page.ID.224-25. Among other things, the Magistrate Judge concluded that "Plaintiff's claim for equitable relief is no

7

different than if he were to recover benefits under the terms of the plan or clarify his right to future benefits under the terms of the plan under [Section 502](a)(1)(B)." *Id.* at PageID.227 (internal quotation marks omitted). He also found that Plaintiff's allegation that FCA's interpretation of Section 4.01(c) imposes plan-wide harm is perfunctory and thus insufficient to permit Plaintiff to bring a Section 502(a)(3) claim. *Id.* at PageID.230-31. Furthermore, the Magistrate Judge determined Plaintiff "has not laid out the core elements for any estoppel claim under ERISA" and that Count II should thus be dismissed to the extent it is premised on equitable estoppel. *Id.* at PageID.233.

Finally, Magistrate Judge Patti recommends that the Court dismiss Count III, Plaintiff's claim for breach of fiduciary duty, first because Section 503(a)(2) does not authorize claims for individual damages, and while Plaintiff alleges that other DAP members were negatively impacted, none are parties to this dispute. *Id.* at PageID.237. Additionally, the Magistrate Judge concluded Plaintiff "the 'repackaging' doctrine used to dismiss Plaintiff's claim for equitable relief likewise applies here as to his claim for breach of fiduciary duty." *Id*. Thus, Magistrate Judge Patti recommended that the Court dismiss Counts II and III and partially dismiss Count I. *Id.* at PageID.238.

8

### III. LAW & ANALYSIS

#### A. Legal Standard

Title 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72 govern the standard of review to be employed by the Court when examining a report and recommendation from a Magistrate Judge. The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

#### B. Discussion

Plaintiff raises one objection to Magistrate Judge Patti's Report and Recommendation. *See* ECF No. 20. Specifically, Plaintiff challenges the Magistrate Judge's determination that the DAP is non-binding and unenforceable and therefore not subject to a breach of contract claim. *Id.* at PageID.242. For the following reasons, the Court is unpersuaded by Plaintiff's arguments.

First, Plaintiff claims that the Magistrate Judge failed to follow applicable rules of construction for contracts in Michigan. *Id.* at PageID.242-43. In particular, Plaintiff asserts that contracts are considered ambiguous when their provisions are capable of conflicting interpretations and that ambiguities are to be construed against

9

the drafter.[4]  *Id*.  Plaintiff notes that the Magistrate Judge "identified several provisions of the DAP that would establish an intent that it be an enforceable contract," including the Plan's purpose, choice of law provision in Section 10.05, funding provisions in Article III and Section 5.01(a), appeals procedure in Section 7.03, severability clause in Section10.11, and binding effect clause in Section 10.06. *Id.* at PageID.243-244.  Thus, Plaintiff posits that the Magistrate Judge erred by relying on Sections 8.01 and 8.02—which give FAC the right to amend or unilaterally terminate the DAP at any time, with or without retroactive effect—to find that the DAP is not enforceable.  *Id.* at PageID.244.  Instead, Plaintiff argues, the Magistrate Judge should have interpreted Sections 8.01 and 8.02 "to allow only a retroactive amendment that does not disturb vested benefits, especially where as here, FCA has not amended or terminated DAP." *Id.* at PageID.245.

In support of his contention, Plaintiff asserts that the "except for" phrase in Section 10.06 ("except to the extent otherwise provided in writing by the Company") cannot be satisfied by the retroactivity language in Section 8.02, because the "except for" phrase "obviously applies to another separate writing from the DAP," which

---

[4] When asked at oral argument if parol evidence ought to be admitted to determine the contract's meaning, Plaintiff's counsel conceded that parol evidence would not be necessary and that the issue could be decided on the four corners of the contract alone.  ECF No. 19, PageID.217.

10

Defendant has not provided. *Id.* at PageID.245. Otherwise, according to Plaintiff, the binding effect language in Section 10.06 is surplusage, which would violate Michigan's rules of contract construction. *Id.* Alternatively, Plaintiff asserts that if the retroactivity clause in Section 8.02 cannot be read consistently with the rest of the DAP, it creates an ambiguity that should be resolved in favor of Plaintiff or should be found unenforceable and separated from the rest of the contract per the severability clause. *Id.*

"A basic requirement of contract formation is that the parties mutually assent to be bound." *Rood v. Gen. Dynamics Corp.*, 444 Mich. 107, 118, 507 N.W.2d 591, 598 (1993) (citing 1 Farnsworth, Contracts, § 3.1, p. 160). To determine whether there was a mutual assent to a contract, Michigan courts "'use an objective test'" that looks "'to all the relevant circumstances surrounding the transaction'" and "ask[s] whether a reasonable person could have interpreted the words or conduct in the manner that is alleged." *Id.* (quoting *Rowe v. Montgomery Ward & Co.*, 437 Mich. 627, 641, 473 N.W.2d 268, 273 (1991)). "[M]utuality is not present where one party is bound to perform, but not the other." *Smith v. Chrysler Fin. Corp.*, 101 F. Supp. 2d 534, 538 (E.D. Mich. 2000) (Steeh, J.) (quoting *Reed v. Citizens Ins. Co. of Am.*, 198 Mich. App. 443, 499 N.W.2d 22 (1993), *overruled on other grounds by*

11

*Griffith ex rel. Griffith v. State Farm Mut. Auto. Ins. Co.,* 472 Mich. 521, 697 N.W.2d 895 (2005)).

Plaintiff's first argument is circular. It presupposes that the DAP is a binding, enforceable contract and then requests that the Court apply rules of contract construction favorably to Plaintiff to affirm the existence of the contract. This circumvents Defendants' contention that FAC did not intend to be bound by the DAP. Like the Magistrate Judge did, this Court recognizes that there is some tension between Sections 8.01 and 8.02 and certain other provisions of the DAP, particularly Section 10.06. Nevertheless, as discussed in greater detail *infra*, Michigan law precludes a determination that the DAP constitutes a binding, enforceable contract. Thus, Plaintiff's argument that the Magistrate Judge improperly applied Michigan rules of contract construction is unavailing.

Second, Plaintiff asserts that the Magistrate Judge erred in following *Heurtebise v. Reliable Bus. Computers*, 452 Mich. 405, 550 N.W.2d 243 (1996). ECF No. 20, PageID.245. In *Heurtebise*, the Michigan Supreme Court held that an arbitration provision contained in an employee handbook was unenforceable because the language of the handbook itself demonstrated that the employer did not intend to be bound by its terms. *Id.* 452 Mich. at 414, 550 N.W.2d at 247. Plaintiff contends that it was inappropriate to follow *Heurtebise* because the employee

12

handbook at issue in that case expressly stated that the employer did not intend to be bound by its terms while the DAP, in contrast, does not contain such explicit language. ECF No. 20, PageID.245. Rather, Plaintiff argues, the Magistrate Judge should have followed *Rushton v. Meijer, Inc.*, 225 Mich. App. 156, (1997), *overruled in part on other grounds by Rembert v. Ryan's Family Steak Houses Inc.*, 235 Mich. App. 118, 596 N.W.2d 208 (1999). ECF No. 20, PageID.245. In *Rushton*, the Michigan Court of Appeals rejected the argument that an employer's reservation of the right to "modify or delete" provisions of an employee handbook was sufficient to avoid enforcement. 225 Mich. App. at 161-62, 570 N.W.2d at 273-74.

Preliminarily, Plaintiff's second argument ignores the Magistrate Judge's explanation for why his case is distinguishable from *Rushton*. As explained in the Report and Recommendation, "the result in *Rushton* was premised on the fact that any unilateral modifications by the employer would only take effect prospectively, meaning any rights and duties acquired prior to modification remained unchanged." ECF No. 19, PageID.219; *see also Rushton*, 225 Mich. App. at 161-64, 570 N.W.2d at 273-75. "Unlike *Rushton*, Section 8.02 of the DAP allows for FCA to entirely amend all terms of DAP *with or without retroactive effect*." ECF No. 19, PageID.219 (quoting ECF No. 12-2, PageID.111-112). As the Magistrate Judge pointed out, this provision means that "[e]ven if Plaintiff was somehow

13

automatically entitled to a full fifty-two weeks of payments after becoming disabled, FCA has the absolute authority to, for instance, retroactively amend Plaintiff's benefits to zero percent if it chooses to do so." *Id*.

This Court finds that *Rushton* is inapposite due to the retroactivity language in Section 8.02 of the DAP. Indeed, the *Rushton* Court repeatedly emphasized that the modification clause at issue in that case only allowed for prospective amendments. *See, e.g.*, *Rushton*, 225 Mich. App. at 162, 570 N.W.2d at 274 ("By [the handbook's] clear terms, [the employee and employer] are both bound by it unless and until the employer chooses to change it. Even then, the employer cannot retroactively escape from its requirements. Any change can only take effect prospectively."). While Plaintiff argues that FCA should not be permitted to disturb benefits that have already "vested," the plain language of Section 8.02 manifests FCA's intent to reserve for itself that right. *See Stewart v. Fairlane Community Mental Health Centre*, 225 Mich. App. 410, 420, 571 N.W.2d 542 (1997) ("We cannot conclude that an agreement or provision is mutual or binding where, as between a private employer and a nonunion employee, an employer may unilaterally amend at any time every policy contained in its employee manual."). Accordingly, the Court concludes that the Magistrate Judge was correct to distinguish *Rushton*

14

from Plaintiff's case.[5]

Likewise, the Court finds the Magistrate Judge's application of *Heurtebise* was proper. The parties agree that the DAP is to be "construed, administered, and enforced according to the laws of the State of Michigan." ECF No. 12-2, PageID.113. While Plaintiff refers to *Heurtebise* as "often criticized and distinguished," ECF No. 20, PageID.245, the fact of the matter is that it is still good law passed down from the Michigan Supreme Court. Indeed, a unanimous panel of the Michigan Court of Appeals relied on it in an unpublished opinion issued just earlier this year. *See Chambers v. Cath. Charities of Shiawassee & Genesee Ctys.*, No. 358103, 2022 WL 2286203, at *2 (Mich. Ct. App. June 23, 2022) (per curiam) (relying on *Heurtebise* and its progeny to conclude that policy manual at issue did not create a binding arbitration agreement). Given this Court's conclusion that the

---

[5] To the extent Plaintiff also contends that the Magistrate Judge erred by following *Tabor v. Elec. Data Sys., Inc.*, No. 03-70243, 2005 WL 1030418, (E.D. Mich. Apr. 27, 2005) (Borman, J.) due to the similar modification provision in that case, his argument is unavailing. ECF No. 20, PageID.245. The modification clause in the DAP is *more favorable* to FCA than the one at issue in *Tabor*, regardless of other provisions in the DAP, because it allows for retroactive amendments. Quoting the Sixth Circuit, the *Tabor* Court noted: "Where a promisor retains an unlimited right to decide later the nature or extent of his performance, the promise is too indefinite for legal enforcement. The unlimited choice in effect destroys the promise and makes it merely illusory." *Tabor*, 2005 WL 1030418, at *8 (quoting *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 316 (6th Cir.2000)). This analysis is directly applicable to Section 8.02 of the DAP.

15

retroactivity language in Section 8.02 of the DAP evidences FCA's intent not to be bound by its terms, *Heurtebise* is the most relevant authority for determining the viability of Plaintiff's breach of contract claim with respect to the DAP.

If the court is to "examine the contract as a whole, giving effect to all parts and language of [the]written agreement according to their ordinary and natural meaning[,]" ECF No. 20, PageID.242 (citing *Wonderland Shopping Center Venture Ltd. Partnership v. CDC Mort. Capitol, Inc.*, 274 F.3d 1085, 1092 (6 Cir. 2001)), then it would be imprudent to ignore the retroactivity language in Section 8.02 or its effect on the DAP as a whole, even if doing so would be favorable to Plaintiff's claim. Thus, upon review of the record, the Report and Recommendation, and the parties' briefing, the Court overrules Plaintiff's objections and accepts the Magistrate Judge's findings. *See Mohamed v. Brenner Oil Co.*, No. 341899, 2019 WL 845852, at *3 (Mich. Ct. App. Feb. 21, 2019) ("Because defendant may unilaterally amend any provision in the Handbook, the agreement cannot be mutual or binding.").

## IV. CONCLUSION

Accordingly, for the reasons discussed above, **IT IS HEREBY ORDERED** that Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 20) are **OVERRULED**.

16

**IT IS FURTHER ORDERED** that the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Patti's Report and Recommendation to Grant Defendants Motion to Partially Dismiss Plaintiff's First Amended Complaint (ECF No. 19) as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Defendant's Motion to Partially Dismiss Plaintiff's First Amended Complaint (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties are **ORDERED** to appear for a status conference November 3, 2022 at 3:30 p.m.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  October 11, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 11, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager